UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**   **JS-6**

| Case No. | CV 09-8889 CAS (VBKx) | Date | May 3, 2010 |
|---|---|---|---|
| Title | EVANSTON INSURANCE COMPANY v. AMERICAN REMEDIAL TECHNOLOGIES INTERNATIONAL, INC., et al. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| John Hochhausler | Alyssa Milman White |
| | Christian Pereira |
| | Danilo Becerra |

**Proceedings:**   **PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** (filed 3/15/10)

## I.   INTRODUCTION

On December 3, 2009, plaintiff Evanston Insurance Company ("Evanston") filed suit against defendants American Remedial Technologies International, Inc. ("American"), and Aztel Escobar ("Escobar"), alleging claims for: (1) declaratory relief against both defendants; and (2) recoupment against American.

On March 15, 2010, Evanston filed the instant motion for summary judgment. On April 12, 2010, defendant American filed its opposition, and defendant Escobar filed a separate opposition. On April 19, 2010, Evanston filed its reply. A hearing was held on May 3, 2010. After carefully considering the arguments set forth by the parties, the Court finds and concludes as follows.

## II.   BACKGROUND

Evanston here seeks a determination that it has no duty to indemnify or defend defendants under its commercial general liability policy, number 07PKG01466 ("the Policy"), in connection with a lawsuit brought by Escobar for an injury he received on April 28, 2008, when he was cleaning a piece of industrial equipment at American's plant in Lynwood, California. Plaintiff's Statement of Uncontroverted Facts ("PSUF") ¶¶ 2, 6.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**                                    **JS-6**

| Case No. | CV 09-8889 CAS (VBKx) | Date | May 3, 2010 |
|---|---|---|---|

| Title | EVANSTON INSURANCE COMPANY v. AMERICAN REMEDIAL TECHNOLOGIES INTERNATIONAL, INC., et al. |
|---|---|

Evanston had issued the Policy to American on October 15, 2007.[1]  PSUF ¶ 8.  At the time of the accident, American did not have state-mandated workers' compensation insurance coverage.  PSUF ¶ 5.

Escobar worked as a full-time employee for American from approximately May 2006 through June 2007.  Escobar Decl. ¶ 4.  After working elsewhere in construction between June 2007 and October 2007, Escobar contacted his former supervisor at American, Jesus Arrevalos ("Arrevalos"), regarding employment.  Escobar Decl. ¶ 5.  Arrevalos informed Escobar that American had begun using an employment agency, Labor Ready, for staffing, and suggested that Escobar contact them.  Escobar Decl. ¶ 5.  Labor Ready hired Escobar, and assigned him to work at American beginning in November 2007 through March 24, 2008.  Escobar Decl. ¶ 6.  During Escobar's time working at American through Labor Ready, he was paid by and received benefits through Labor Ready.  Escobar Decl. ¶ 6.

Defendants next aver the following: On March 24, 2008, American's operations were shut down, and Escobar's employment with Labor Ready was terminated.  American's Statement of Genuine Issues of Fact ("ASGIF") ¶ 2; Pacheco Decl. ¶ 14.  In or around late-March or early April 2008, Escobar's supervisor, Arrevalos, offered him temporary work with American.  Escobar Decl. ¶ 11.  Escobar then began directly working for American on a short-term project that involved the cleaning of the plant on a temporary basis beginning April 1, 2008, through the date of the accident.[2]  Escobar Decl. ¶ 11.  Escobar's pay was based on an hourly rate and he was paid cash, but did not receive any benefits, unlike when he worked with Labor Ready.  Escobar Decl. ¶ 12.  Escobar's employment was week-to-week, and every Friday afternoon he would be informed by his supervisor whether he was to return the following Monday.  Escobar Decl. ¶ 13.

---

[1] Evanston has paid the costs of defending American from Escobar's lawsuit, and seeks reimbursement of those fees and costs.

[2] Evanston avers that Escobar was a regular employee for American during this time-period, and not a temporary employee.  PSUF ¶ 3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

| **CIVIL MINUTES - GENERAL** | | | **JS-6** |
|---|---|---|---|
| Case No. | CV 09-8889 CAS (VBKx) | Date | May 3, 2010 |
| Title | EVANSTON INSURANCE COMPANY v. AMERICAN REMEDIAL TECHNOLOGIES INTERNATIONAL, INC., et al. | | |

On April 28, 2008, Escobar suffered the partial amputation of his foot while cleaning the screw auger at American's Lynwood plant.  PSUF ¶ 6.  Escobar filed suit for his injuries ("the Underlying Action"), asserting claims against American for: (1) "gross negligence and conscious disregard for safety" pursuant to Cal. Labor Code § 3706 and § 3708; and (2) negligence.  PSUF ¶ 7; Pl. Ex. D at 4-10.  By letter dated April 2, 2009, Evanston accepted American's defense of the Underlying Action subject to a reservation of rights.  PSUF ¶ 9.  As of the filing of the complaint, Evanston has incurred $44,082.53 defending American against the Underlying action.  Compl. ¶ 12.

## III.   POLICY TERMS

The Policy provides coverage for bodily injury through the following provisions:

### COVERAGE A.   BODILY INJURY & PROPERTY DAMAGE LIABILITY

1.   **Insuring Agreement.**
   a.   We will pay those sums that the Insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend any "suit" seeking those damages . . . .

Pl. Ex. B at 76.  However, the Policy contains the following exclusions from coverage:

This insurance does not apply to:

. . . .
d.   **Workers Compensation & Similar Laws**
   Any obligation of the insured under a workers compensation, disability benefits or unemployment compensation law or any similar law.

e.   **Employer's Liability**
   "Bodily Injury" to:
   (1)   An "employee" of the insured arising out of and in the course of:
      (a)   Employment by the insured; or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CIVIL MINUTES - GENERAL**                                **JS-6**

| Case No. | CV 09-8889 CAS (VBKx) | | Date | May 3, 2010 |
|---|---|---|---|---|
| Title | EVANSTON INSURANCE COMPANY v. AMERICAN REMEDIAL TECHNOLOGIES INTERNATIONAL, INC., et al. | | | |

> (b)     Performing duties related to the conduct of the insured's business; or
>
> . . . .
> **p.     Cross Suits**
> It is agreed that this insurance does not apply to any liability of one insured for "bodily injury" or "property damage" to the property or person of another insured.

Pl. Ex. B at 76-77, 79.  The Policy includes the following definitions:

> 6.     "Employee" includes a "leased worker."  "Employee" does not include a "temporary worker."
>
> . . . .
> 10.     "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business.  "Leased worker" does not include a "temporary worker."
>
> . . . .
> 19.     "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

Pl. Ex. B at 85-86, 88.

## IV.   LEGAL STANDARD

### A.     Summary Judgment

Summary judgment is appropriate where "there is no genuine issue as to any material fact" and "the movant is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The moving party has the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each cause of action upon which the moving party seeks judgment.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CIVIL MINUTES - GENERAL**                   JS-6

| Case No. | CV 09-8889 CAS (VBKx) | | Date | May 3, 2010 |
|----------|----------------------|---|------|-------------|
| Title | EVANSTON INSURANCE COMPANY v. AMERICAN REMEDIAL TECHNOLOGIES INTERNATIONAL, INC., et al. | | | |

If the moving party has sustained its burden, the nonmoving party must then identify specific facts, drawn from materials on file, that demonstrate that there is a dispute as to material facts on the elements that the moving party has contested.  See Fed. R. Civ. P. 56(c).  The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit."  Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888 (1990).  See also Celotex Corp., 477 U.S. at 324.  Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Id. at 322.  See also Abromson v. American Pacific Corp., 114 F.3d 898, 902 (9th Cir. 1997).

In light of the facts presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law.  See T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 631 & n.3 (9th Cir. 1987).  When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997).  Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue.  See Matsushita, 475 U.S. at 587.

### B.     Fed. R. Civ. P. 56(f)

A party requesting a continuance pursuant to Rule 56(f) must identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment.  Tatum v. City & County of San Francisco, 441 F.3d 1090, 1100 (9th Cir. 2006).  Fed. R. Civ. P. 56(f) provides that, "[s]hould it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**                                    **JS-6**

| Case No. | CV 09-8889 CAS (VBKx) | Date | May 3, 2010 |
|---|---|---|---|
| Title | EVANSTON INSURANCE COMPANY v. AMERICAN REMEDIAL TECHNOLOGIES INTERNATIONAL, INC., et al. | | |

## V.   DISCUSSION

### A.   Summary Judgment

#### 1.   Plaintiff's Claims

##### I.   Exclusion (d): Workers' Compensation

Evanston argues that Exclusion (d) of the Policy bars coverage, because the Underlying Action arises out of an obligation under workers' compensation law. Mot. at 6. Evanston asserts that under California law, American was required to obtain workers' compensation insurance coverage for Escobar, and had American done so, Escobar's exclusive remedy for his injury would have been through the workers' compensation system. Id. (citing Labor Code §§ 3700 & 3602; Employers Mut. Liab. Ins. Co. v. Tutor-Saliba Corp., 17 Cal. 4th 632, 638 (1998)). Evanston argues that coverage for both of Escobar's claims against American is barred by Exclusion (d). Id. (citing Brown v. Indiana Ins. Co., 184 S.W.3d 528, 535 (Ky. 2005); Weger v. United Fire & Cas. Co., 796 P.2d 72 (Col. 1990)). First, Evanston asserts that coverage for Escobar's claim under Cal. Labor Code §§ 3706 and 3708 is barred because §§ 3706 and 3708 are part of California's workers' compensation statutes. Id. Second, Evanston asserts that coverage for Escobar's negligence claim is barred, because Cal. Labor Code § 3706 permits Escobar to assert his negligence claim against American solely because American did not obtain the required workers' compensation coverage. Id.

American responds that Evanston's argument misunderstands the distinction between an obligation under workers' compensation law and an obligation for damages in a civil court. Opp'n at 11 (citing La Jolla Beach Tennis Club, Inc. v. Indus. Indemnity Co., 9 Cal. 4th 27, 36 (1994)). American asserts that because Escobar's civil action did not seek workers' compensation benefits, but rather sought civil damages, that action could not be subject to the exclusion. Id. at 12 (citing Cal. Farm Ins., Co. v. TAC Exterminators, 172 Cal. App. 3d 564, 579 (1985)). American further argues that Evanston's argument here must be rejected because the Underlying Action is a third party civil action seeking damages for bodily injury, and the policy and workers' compensation are mutually exclusive. Id. (citing Producers Dairy Delivery Co., Inc. v. Sentry Ins. Co.,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                            O

**CIVIL MINUTES - GENERAL**                    **JS-6**

| Case No. | CV 09-8889 CAS (VBKx) | Date | May 3, 2010 |
|---|---|---|---|
| Title | EVANSTON INSURANCE COMPANY v. AMERICAN REMEDIAL TECHNOLOGIES INTERNATIONAL, INC., et al. | | |

41 Cal. 3d 903, 916 (1986)).  Escobar argues that because the Policy explicitly covers "temporary workers," any exclusions to the policy would render coverage a nullity.  Escobar's Opp'n at 10.

In California, ordinary rules of contract interpretation govern insurance contracts, wherein the fundamental goal is to give effect to the mutual intention of the parties.  Culligan v. State Compensation Ins. Fund, 81 Cal. App. 4th 429, 434 (2000).  "Such intent is to be inferred, if possible, solely from the written provisions of the contract."  Id.  "If contractual language is clear and explicit, it governs."  Id.  Whether the insurer owes a duty to defend is determined by comparing the allegations of the complaint with the terms of the policy.  Id. at 435.  "Any doubt as to whether the facts give rise to a duty to defend is resolved in the insured's favor."  Id.

The Court finds that the language of the Policy is clear and explicit.  Like most commercial general liability policies, the Policy at issue here specifically excludes from coverage "[a]ny obligation of the insured under a workers' compensation . . . law or any similar law."  Pl. Ex. B at 85-86; see also Lee R. Russ, 9A Couch on Insurance § 129:10 (3rd ed. 2009) ("A commercial general liability policy is not designed to provide coverage for an employer's liability for injuries to its employees.").  In California under workers' compensation law, "every employer except the state is required to secure the payment of compensation" to cover liability for injuries to its employees.  Employers Mutual Liability Ins. Co. of Wisc. v. Tutor-Saliba Corp., 17 Cal. 4th 632, 638 (1998) (citing Cal. Labor Code § 3700).  "This mandate is satisfied by either purchasing workers' compensation insurance, or self-insuring."  Id.  Thus, "[w]hen a worker is entitled to workers' compensation benefits for an injury, those benefits constitute the worker's exclusive remedy against his or her employer for injuries sustained in the course of employment."  Id. at 637.  However, "[i]f any employer fails to secure the payment of compensation [ i.e., fails to procure a policy of workers' compensation insurance], any injured employee or his dependents may bring an action at law against such employer for damages, as if this division did not apply."  Cal. Labor Code § 3706.

Here, because Escobar's injuries were sustained in the course of employment, they would have been covered by workers' compensation insurance had American obtained coverage as required by law, and Escobar's remedy would have been limited to workers'

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CIVIL MINUTES - GENERAL**              **JS-6**

| Case No. | CV 09-8889 CAS (VBKx) | Date | May 3, 2010 |
|---|---|---|---|
| Title | EVANSTON INSURANCE COMPANY v. AMERICAN REMEDIAL TECHNOLOGIES INTERNATIONAL, INC., et al. | | |

compensation benefits.[3]  However, by failing to obtain workers' compensation coverage, American affirmatively exposed itself to civil action by Escobar for personal liability.  In other words, Escobar "would have had no right of action against [American] but for [American]'s failure to comply with [the] workers' compensation statute."  See Tri-State Construction, Inc. v. Columbia Casualty Co., 39 Wash. App. 309, 316-17 (1984).  Accordingly, although American chose not to obtain workers' compensation insurance, coverage for Escobar's injuries is barred because the Policy at issue explicitly excludes American's obligations under workers' compensation law.  See id ("Where an employer

---

[3] At oral argument, American argued that California law does not require workers' compensation insurance coverage for "temporary workers."  However, in California it appears that the opposite is true, as the Workers' Compensation Act (the "Act") extends
(Footnote 3 continued)
 coverage to "every person in the service of an employer under any appointment or contract of hire or apprenticeship, express or implied, oral or written, whether lawfully or unlawfully employed . . . ," and provides that "[a]ny person rendering service for another, other than as an independent contractor, or unless expressly excluded herein, is presumed to be an employee."  Cal. Labor Code §§ 3351, 3357; see also Barragan v. Workers' Comp. Appeals Bd., 195 Cal. App 3d 637 (1987) (extending coverage of the Act to a temporary, unpaid student extern); Waggener v. County of Los Angeles, 39 Cal. App. 4th 1078, 1083 (1995) (extending coverage of the Act to a "juror who [wa]s injured in the course of performing his or her [temporary] jury service"); Laeng v. Workmen's Comp. Appeals Bd., 6 Cal. 3d 771 (1972) (extending coverage of the Act to a job applicant injured "as part of a 'tryout' competition," for an employment position).

In its briefs, American argued that Escobar was a temporary employee.  At oral argument American for the first time suggested that Escobar may have been an independent contractor.  Under the Act, "'[i]ndependent contractor' means any person who renders service for a specified recompense for a specified result, under the control of his principal as to the result of his work only and not as to the means by which such result is accomplished."  Cal. Labor Code § 3353.  However, American has failed to point to any facts in the record that support such a conclusion, and therefore the Court finds that Escobar was an "employee" under the Act.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**                                    **JS-6**

| Case No. | CV 09-8889 CAS (VBKx) | Date | May 3, 2010 |
|---|---|---|---|

| Title | EVANSTON INSURANCE COMPANY v. AMERICAN REMEDIAL TECHNOLOGIES INTERNATIONAL, INC., et al. |
|---|---|

has failed to comply with the workers' compensation statute, liability in actions for damages expressly permitted by [the] workers' compensation statute in that situation is an "obligation for which the insured . . . may be held liable under the work[ers'] compensation law."); Weger v. United Fire and Casualty Co., 796 P.2d 72, 74 (Col. 1990); Johnson v. Marciniak, 231 F. Supp. 2d 958, 960 (D. N.D. 2002); Culligan, 81 Cal. App. 4th at 439-440 ("All evidence showed that any asserted 'bodily injury' . . . claims . . . concerned employees who were employed by Culligan and [thus] subject to the remedy of the workers' compensation law.  Accordingly, as a matter of law, coverage was precluded by the workers' compensation exclusion.").  Therefore, the Court finds that Evanston has no duty to defend American in the underlying action, because the allegations in Escobar's complaint do not give rise to potential liability or the possibility of coverage under the policy.  In accordance with the foregoing, the Court GRANTS Evanston's motion for summary judgment.

### ii.    Exclusions (e) and (p)

Because the Court finds that Exclusion (d) bars coverage and grants summary judgment on this ground alone, the Court finds Evanston's additional arguments regarding Exclusions (e) and (p) moot and thus refrains from addressing them.

### 2.    Defendants' Counterclaims

Because the Court finds that there is no coverage under the Policy for the Underlying Action, Evanston is entitled to summary judgment on defendants' counterclaims.

### B.    Fed. R. Civ. P. 56(f)

Escobar argues that the Court must deny this motion for failure to meet and confer pursuant to Local Rule 7-3, or alternatively, it must continue the hearing in order for him to secure "key deposition and witness testimony" pursuant to Fed. R. Civ. P. 56(f). Escobar's Opp'n at 6.  Escobar argues that pursuant to Fed. R. Civ. P. 56(f), he must conduct depositions of Javier Pacheco ("Pacheco") and employees of Evanston in order to properly oppose Evanston's summary judgment motion.  Id. at 6.  Escobar asserts that Pacheco, as president of American, could testify about Escobar's employment with

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CIVIL MINUTES - GENERAL**                         **JS-6**

| Case No. | CV 09-8889 CAS (VBKx) | Date | May 3, 2010 |
|---|---|---|---|

| Title | EVANSTON INSURANCE COMPANY v. AMERICAN REMEDIAL TECHNOLOGIES INTERNATIONAL, INC., et al. |
|---|---|

American, and the employees would have knowledge of any oral representations they may have made to American regarding the coverage at issue and would lend meaning to ambiguous terms.  Id.

Evanston responds that the Local Rule 7-3 meet and confer took place telephonically on March 1, 2010, and again on March 22, 2010, and that any issues cause by the supposed lack of a Rule 7-3 conference were resolved by continuing the hearing on the motion by three weeks.  Reply at 10 (citing Hochhousler Decl.).  Evanston further asserts that Pacheco filed a declaration in opposition to this motion setting forth facts supporting American's and Escobar's claims that Escobar was working on a temporary project, and thus Escobar does not need to take Pacheco's deposition when his testimony is available by declaration.  Id.  Evanston further asserts that the Policy was issued to American on a surplus lines basis and that under California insurance regulations, communications between insured and surplus lines carriers must go through the insured's insurance broker.  Id. at 12.  Thus, Evanston asserts that there would be no oral representations from Evanston's employees to American regarding the policy.  Id. at 12.  Furthermore, Evanston argues that the policy language is standard language used by the vast majority of insurers across the United States.  Id.

It appears that the Local Rule 7-3 meet and confer took place, as the parties held a telephonic conference on March 22, 2010, wherein Escobar's counsel was able to explain his need for discovery, and the parties agreed to continue the hearing for three weeks to give counsel time to do so.  See Periera Decl. at 9-10.  Furthermore, the Court finds that Escobar has not demonstrated facts indicating a likelihood that the additional discovery sought would reveal any additional specific facts precluding summary judgment pursuant to Fed. R. Civ. P. 56(f).[4]  See Tatum v. City & County of San Francisco, 441 F.3d 1090, 1101 (9th Cir. 2006).  Declaration testimony of Pacheco has been submitted to support

---

[4] At oral argument, counsel for Escobar argued that he needed additional discovery to establish that Pacheco owned machinery that injured plaintiff.  While counsel for Evanston conceded that Evanston would have to evaluate the potential for coverage if Pacheco's defense were tendered to it, the fact remains that at this juncture, no such tender has been made.  Therefore, Evanston's duty to indemnify and defend Pacheco is not before the Court, and Escobar's  request for discovery in this regard is irrelevant.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**   **JS-6**

| Case No. | CV 09-8889 CAS (VBKx) | Date | May 3, 2010 |
|---|---|---|---|
| Title | EVANSTON INSURANCE COMPANY v. AMERICAN REMEDIAL TECHNOLOGIES INTERNATIONAL, INC., et al. | | |

the argument that Escobar was a temporary employee.  See Pacheco Decl.  Moreover, because the Policy includes standard language used by a majority of insurers in the United States, the testimony of Evanston's employees would not help the Court understand the Policy's provisions.  Therefore, the Court denies Escobar's request for a continuance pursuant to Fed. R. Civ. P. 56(f).

## VI.    CONCLUSION

        In accordance with the foregoing, the Court hereby GRANTS Evanston's motion for summary judgment on its claims, and on defendants' counterclaims.  The Court concludes that the Policy does not provide coverage for the Underlying Action, and that Evanston is entitled to withdraw its defense of American.  The Court further finds that Evanston is entitled to recoup all defense costs paid for the defense of American against the Underlying Action.  The Court DENIES Escobar's request for a continuance pursuant to Fed. R. Civ. P. 56(f).

        IT IS SO ORDERED.

|  | 00 | : | 13 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |